1  MICHAEL R. MARRINAN (SBN 90484)
   Attorney at Law
2  Law Offices of Michael R. Marrinan
   614 Fifth Avenue, Suite D
3  San Diego, CA 92101
   Telephone: (619) 238-6900
4  Facsimile: (6190 515-0505

5  Attorney for Plaintiff

FILED

09 DEC 16 PH 12: 20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

6

7

8

9            **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11  DEMARKCUS PEEPLES,                )  Case No. '09 CV 2817 W CAB
                                      )
12                      Plaintiff,    )  **COMPLAINT FOR DAMAGES**
                                      )  **AND REQUEST FOR JURY TRIAL**
13           vs.                      )
                                      )
14  CITY OF SAN DIEGO,                )  1. 42 U.S.C. § 1983–Civil Rights
    OFFICER TANGREDI,                 )     Violations
15  OFFICER CUNANAN,                  )  2. 42 U.S.C. §1983–Unlawful Customs,
    SERGEANT JOHNSON                  )     Policies, Habits
16  and DOES 1-20,                    )  3. Negligence
                                      )  4. False Arrest
17                      Defendants.   )  5. Battery
                                      )  6. Civil Code § 52.1 Civil Rights
18  _____ )

19       Plaintiff alleges:

20                      <u>**JURISDICTION**</u>

21       1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. §

22  1983, et seq., and the First and Fourth Amendment to the United States Constitution, for

23  personal injuries and violation of constitutional rights by defendant City of San Diego and

24  its police officers, Officer Tangredi, Officer Cunanan and Sgt. Johnson. Jurisdiction is

25  founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and

26  Constitutional provisions. State claims of negligence, false arrest, battery, and Civil Code

27  section 52.1 civil rights violations are alleged as well. Plaintiff invokes the Court's

28  supplemental jurisdiction to consider these state law claims.

1



ORIGINAL

## **GENERAL ALLEGATIONS**

2.  Plaintiff is and was at all material times mentioned herein a resident of the City of San Diego, State of California.

3.  At all times mentioned herein defendants Tangredi, Cunanan, Johnson and DOES 1 through 15 were employees of defendant CITY OF SAN DIEGO and in doing the acts hereinafter described acted within the course and scope of their employment.  The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California.  The individual defendants named above and DOES 1 through 15 are sued individually and in their capacities as employees of the CITY OF SAN DIEGO.

4.  Defendant CITY OF SAN DIEGO is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

5.  The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sues said defendants by said fictitious names.  Plaintiff will amend this complaint to show said defendants' true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

6.  Plaintiff is informed and believes and therefore alleges that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiff's injuries were proximately caused by the actions of each.

7.  On or about May 29, 2009, Plaintiff filed a claim with the City of San Diego for the injuries alleged herein.  On or about June 18, 2009 the claim was denied.

2

## FACTUAL ALLEGATIONS

8. Plaintiff Demarkcus Peeples is a resident of the City of San Diego. On December 2, 2008 at approximately 1:00 p.m. Plaintiff was inside the home that he shares with his mother in the North Park neighborhood of the City of San Diego. Plaintiff's dog Egypt was in the home with Mr. Peeples at the time.

9. Mr. Peeples heard a knock at the front door. He looked outside and saw several men wearing jeans and t-shirts who looked a bit ratty. Mr. Peeples thought they looked like transients and he decided not to answer the door. From a side window Mr. Peeples saw two of the men walking down the side of his house toward the back. They opened a back gate, entered the back yard and approached the back screen door. They called out "hello". Mr. Peeples could see the men through the screen door but they could not see him. Mr. Peeples did not know who these strange men were, nor did he know why they were lurking around his house and going around to the back.

10. The two men in the back left and returned to the front yard of Mr. Peeples' home. Mr. Peeples' dog, Egypt, a relatively small (30 pound), friendly and tame American Staffordshire Terrier, was barking at the back door. Mr. Peeples opened the back door to take a look around. When he did, Egypt ran out into the back yard as she often did. Normally she would stop at the back gate. However, the men left the gate open. Egypt had been in the back yard earlier that day, a short time before these men arrived. The gate was closed at that time and Egypt had remained in the back yard as usual until Mr. Peeples let her back in the house.

11. When Mr. Peeples let Egypt out the back door she went through the open gate and into the front yard where the strangers were still lurking. Mr. Peeples followed, going after Egypt. As he was doing so Mr. Peeples heard several gunshots. He ran to the front yard, heard the final shot and heard Egypt yelping in pain. Two of the men, defendants Tangredi and Johnson, had pulled guns and shot Egypt several times. Injured, bleeding and yelping in pain, Egypt ran around the side of the house and into some bushes.

3

12.  When Mr. Peeples reached the front yard the men identified themselves as police officers (apparently, undercover officers).  Mr. Peeples said, "You didn't shoot my dog, did you?"  The officers had done so.  They immediately took Mr. Peeples to the ground and roughly handcuffed him in an excessively tight manner and hurting his arm and shoulder for no reason.  Mr. Peeples was placed under arrest.  The officers claimed they were arresting Mr. Peeples for assault with a deadly weapon (ostensibly, his dog).  Mr. Peeples heard one of the officers say, "Charge him with everything you can charge him with."

13.  Plaintiff is informed and believes that the defendant officers were investigating a report of two blond, white males who may have been involved in narcotic activity at 3777 Ray Street.  The report indicated that there were many people coming and going from this home, that there was an unusual smell at the home and there were chlorine containers in the trash.  None of this was true of Mr. Peeples' house.  Mr. Peeples is African American.  He lives at 3778 Ray Street, across the street from the house where the two blond white males lived.  The officers were at the wrong house from the beginning.

14.  Despite the fact that Mr. Peeples' dog was alive and in considerable pain after being shot multiple times, the officers would not let Mr. Peeples see or comfort his dog.  They forced Mr. Peeples to remain handcuffed in the back of a police car.  They called animal control, and kept Mr. Peeples in the back of the police car while they waited.  Egypt continued to cry and yelp in pain and the officers continued to deny Mr. Peeples' request that he be permitted to go to his dog and ignored his protests over their shooting of his dog.

15.  When the animal control officers arrived they put Egypt, bloody and in obvious pain, in their vehicle and took him to an animal control facility.  There he was euthanized due to his injuries.

16.  Mr. Peeples was taken to the county jail where the officers tried to book him on several bogus charges related to his dog getting out into the front yard, including

4

1  failure to restrain his dog, and possession of a vicious animal. Ironically, Egypt was

2  anything but vicious. Throughout the neighborhood Egypt was known as a gentle,

3  friendly dog. The jail refused to book Mr. Peeples on these charges.

4      17. No criminal charges were filed against Mr. Peeples. Days later Egypt's

5  bloody, damaged corpse was released to Mr. Peeples in a plastic bag.

6      18. Mr. Peeples suffered severe pain, injury and emotional distress from being

7  falsely arrested in front of his home, taken to the ground and being handcuffed in an

8  excessively tight manner. He suffered much greater emotional distress from hearing

9  gunshots, learning that his dog had been shot, hearing his dog yelping and crying in pain

10  and from the officers refusal to allow him to go to his dog, comfort him and at least see

11  him before animal control took him away. Mr. Peeples also suffered emotional distress

12  and loss of his dog as a result of the defendants' entry into his back yard, leaving the gate

13  open and shooting his dog. Mr. Peeples also suffered severe emotional distress as a result

14  of the officers' attempts to charge him with false criminal violations to cover up the

15  bizarre, dangerous and unnecessary acts they committed at Plaintiff's home.

16  Plaintiff suffered additional emotional distress worrying that he may be charged

17  criminally despite the fact that he was absolutely innocent and had done nothing wrong.

18                                 **FIRST CAUSE OF ACTION**

19                  [42 U.S.C. § 1983 Constitutional Violation --

20                        Unlawful Search and Seizure]

21      19. Plaintiff realleges and incorporates by reference each and every allegation

22  contained in Paragraphs 1 through 18 above as though fully set forth herein.

23      20. As a result of the acts alleged above and the act of unlawfully entering

24  Plaintiff's back yard without a search warrant or other justification, Plaintiff suffered an

25  unlawful search and seizure resulting in the loss of his dog and severe emotional distress,

26  in violation of his constitutional rights as guaranteed by the Fourth Amendment to the

27  United States Constitution. As a further result of the acts alleged above, particularly the

28  shooting death of Plaintiff's dog, Plaintiff suffered an unlawful seizure of his property,

1  also in violation of his constitutional rights as guaranteed by the Fourth Amendment.  As

2  a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an

3  amount to be proven at trial.

4      21.  As a further result of the acts alleged above, particularly the unlawful arrest

5  described above, Plaintiff was falsely arrested and thus unlawfully seized by defendants,

6  without a warrant or probable cause.  Thus, Plaintiff suffered a false arrest and unlawful

7  seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment to

8  the United States Constitution.  As a result, Plaintiff is entitled to damages pursuant to

9  Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

10      22.  As a further result of the acts alleged above, particularly the act of being

11  arrested in retaliation for a protesting the shooting of his dog, speech which is  protected

12  by the First Amendment, Plaintiff suffered a violation of his right to freedom of speech as

13  guaranteed by the First Amendment to the United States Constitution.   As a result,

14  Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to

15  be proven at trial.

16      23.  As a further result of the acts alleged above, defendants used unreasonable,

17  unjustified and excessive force upon Plaintiff.  This unreasonable and excessive use of

18  force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as

19  guaranteed by the Fourth Amendment to the United States Constitution.  As a result,

20  Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983 in an amount to be proven at

21  trial.

22      24.  As a proximate result of the acts alleged above,  Plaintiff was injured in mind

23  and body as described in paragraph 18 above.  Plaintiff suffered severe emotional distress

24  from being falsely arrested and subjected to excessive force in front of his home, in full

25  view of his neighbors and the general public.  Plaintiff also suffered severe emotional

26  distress, invasion of his privacy and loss of his dog as a result of the unlawful search and

27  seizure and shooting of his dog described above.  Plaintiff suffered pain to his arm,

28  shoulder and wrists as a result of the excessive force used on him by defendants.  Plaintiff

1   suffered additional emotional distress worrying that he may be charged with crimes

2   related to his dog leaving the backyard and being shot to death by defendants, despite the

3   fact that Plaintiff was innocent of these charges which were alleged to cover up the

4   wrongful acts of the defendants.  Plaintiff is therefore entitled to general and

5   compensatory damages in an amount to be proven at trial.

6       25.  In committing the acts alleged above, Defendants Tangredi, Cunanan and

7   Johnson acted maliciously and/or were guilty of a wanton and reckless disregard for the

8   rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to

9   exemplary and punitive damages in an amount to be proven at trial.

10                      **SECOND CAUSE OF ACTION**

11                  [42 U.S.C. § 1983 Constitutional Violations via

12                      Unlawful Policies, Customs or Habits]

13      26.  Plaintiff realleges and incorporates by reference each and every allegation

14   contained in Paragraphs 1 through 25 above as though fully set forth herein.

15      27.  On information and belief Plaintiff alleges that defendant CITY OF SAN

16   DIEGO, through its police department, has unlawful policies, customs and habits of

17   improper and inadequate hiring, training, retention, discipline and supervision of its

18   police officers, including the defendants named herein, legally causing the constitutional

19   deprivations, injuries and damages alleged in the First Cause of Action.  As a result,

20   Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be

21   proven at trial.

22      28.  Further, on information and belief Plaintiff alleges that defendant CITY OF

23   SAN DIEGO, through its police department, has an unlawful policy, custom or habit of

24   permitting or condoning the acts of false arrest, unlawful search and seizure and

25   excessive force by its police officers, including the individual defendants named herein.

26   Defendant City has a further unlawful policy, custom and habit of inadequate training,

27   supervision and disciplining of errant officers, including this defendant.

28      29.  As a proximate result of the unlawful policies, customs and habits alleged

                                7

1   above, Plaintiff suffered the injuries alleged in paragraphs 18 and 24 above and thus is

2   entitled to general and compensatory damages in an amount to be proven at trial.

3   ### THIRD CAUSE OF ACTION

4   [Negligence]

5   30.  Plaintiff realleges and incorporates by reference the allegations contained in

6   paragraphs 1 through 29 above as though fully set forth herein.

7   31.  By the acts alleged above,  Defendants were negligent and breached their duty

8   of due care owed to Plaintiff, thereby causing the injuries, emotional distress and loss of

9   Plaintiff's dog described in the First Cause of Action, and the damages described in

10  paragraphs 18 and 24 above.

11  ### FOURTH CAUSE OF ACTION

12  [False Arrest]

13  32.  Plaintiff realleges and incorporates by reference the allegations contained in

14  paragraphs 1 through 31 above as though fully set forth herein.

15  33.  By the acts alleged herein, particularly the act of arresting Plaintiff without a

16  warrant or probable cause, Plaintiff was falsely arrested by defendants, entitling him to

17  damages pursuant to California law.

18  34.  As a result of these acts Plaintiff suffered the injuries and damages described

19  in paragraphs 18 and 24 above, entitling him to damages in an amount to be proven at

20  trial.

21  35.  In committing the acts alleged above, Defendants Tangredi, Cunanan and

22  Johnson acted maliciously and/or were guilty of a wanton and reckless disregard for the

23  rights and feelings of plaintiff, and by reason thereof plaintiff is entitled to exemplary and

24  punitive damages in an amount to be proven at trial.

25  ### FIFTH CAUSE OF ACTION

26  [Battery]

27  36.  Plaintiff realleges and incorporates by reference the allegations contained in

28  paragraphs 1 through 35 above as though fully set forth herein.

8

37. By the acts alleged herein, particularly the acts of excessive force and violence used upon Plaintiff by defendants, defendants committed a battery upon Plaintiff, entitling Plaintiff to damages pursuant to California law.

38. As a result of these acts Plaintiff suffered the injuries and damages described in paragraphs 18 and 24 above and severe pain, suffering and emotional distress, entitling him to damages in an amount to be proven at trial.

39. In committing the acts alleged above, defendants Tangredi, Cunanan and Johnson acted maliciously and/or were guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

[Civil Code section 52.1 Civil Rights Violations]

40. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 39 above as though fully set forth herein.

41. The acts alleged above, particularly the acts of unlawful search and seizure, excessive force, false arrest and arrest in retaliation for protected speech, violated Plaintiff's First and Amendment rights, as well as Plaintiff's comparable rights guaranteed by the California Constitution. These acts were committed through threats, intimidation and/or coercion. Therefore, Plaintiff is entitled to damages pursuant to California Civil Code section 52.1(b).

42. By reason of the acts of defendants and each of them alleged above, Plaintiff suffered the injuries and damages alleged in paragraphs 18 and 24 above. Plaintiff is therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

43. In committing the acts alleged above, defendants Tangredi, Cunanan and Johnson acted maliciously and oppressively and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

/ / /

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against Defendants Tangredi, Cunanan and Johnson only, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and

4. For such other relief as the Court deems proper.

Dated: December 16, 2009

MICHAEL R. MARRINAN
Attorney for Plaintiff


Plaintiff hereby requests a jury trial in this action.

Dated: December 16, 2009

MICHAEL R. MARRINAN
Attorney for Plaintiff

‰JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DEMARKCUS PEEPLES

**DEFENDANTS**

CITY OF SAN DIEGO, OFFICER TANGREDI, OFFICER CUNANAN, SERGEANT JOHNSON and DOES 1-20

**(b)** County of Residence of First Listed Plaintiff   San Diego

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Michael R. Marrinan (SBN 90484)    619-238-6900
614 Fifth Ave., Suite D   San Diego, CA 92101

Attorneys (If Known)

'09 CV 2817 W CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983 Civil Rights Violations

Brief description of cause: Unlawful Search and Seizure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Damages According to Proof

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  12-16-09

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # 8370   AMOUNT 350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MS 12/16/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS008370
Cashier ID: msweaney
Transaction Date: 12/16/2009
Payer Name: MICHAEL R MARRINAN
---------------------------------
CIVIL FILING FEE
 For: DEMARCUS PEEPLES V CITY OF SD
 Case/Party: D-CAS-3-09-CV-002817-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 2743
 Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```